...

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN M. PORTER,<br><br>                        Plaintiff,<br><br>v.<br><br>EMPLOYMENT DEVELOPMENT DEPARTMENT<br><br>                        Defendant. | Case No.:   20cv1164-LAB (AHG)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE; AND**<br><br>**ORDER REQUIRING PLAINTIFF TO AMEND** |

    Plaintiff Brian Porter filed his complaint in this case along with a motion for leave to proceed *in forma pauperis* ("IFP"). (Docket no. 2.) While his IFP motion is not complete, it is apparent Porter lacks the funds to pay the filing fee, and his motion is **GRANTED**.

    The Court is required to screen the complaint of any plaintiff proceeding IFP, and to dismiss it to the extent it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). This standard

requires a plaintiff to allege facts sufficient to raise her "right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court is also required to raise jurisdictional issues *sua sponte*, and to dismiss the complaint if jurisdiction is lacking. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc).

This case is related to an earlier case, 20cv399-LAB (AHG), *Porter v. Vietnam Veterans of San Diego*,[1] which Porter filed March 2, 2020. The Court screened and dismissed his complaint in that case as required by 28 U.S.C. § 1915(e)(2). He failed to amend, even after the Court extended the deadline and cautioned him that failure to amend could result in the case being dismissed. After he missed the second deadline, the Court on April 24 dismissed the action for failure to prosecute and for failure to invoke the Court's jurisdiction.

Porter now brings different but apparently related claims in this case. His Complaint in this case begins by citing California case number 37-2019-00060183 and asking that it be "moved to the federal level." (Compl. at 1.) It then cites the previously dismissed case in this Court and says "My case needs to be heard." (Compl. at 2.) Because the Complaint does not have a caption and does not clearly identify any parties, the Employment Development Department ("EDD") — a California entity prominently mentioned in the Complaint — has been presumptively added as the Defendant. Porter seems to be seeking relief against EDD based on denial or withholding of benefits.

---

[1] This organization was never identified, and the Court surmised he probably intended to sue the Veterans Village of San Diego, a local private organization offering housing and other services to veterans who are homeless or at risk of becoming homeless.

As in the previous case, the Court is unable to locate case number 37-2019-00060183 in the public dockets of San Diego county courts, and Porter has not provided a copy of the complaint or even identified the case by name.  A search for all cases involving Plaintiff as a party did not turn up this case, although Porter was a party to several other cases.

The Complaint is required to include a "short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8.  Porter's complaint does not include that statement, and the Court is unable to identify any basis for its jurisdiction.

The Court has no jurisdiction to hear appeals from state court judgments. *See Noel v. Hall*, 341 F.3d 1148, 1156, 1163 (9th Cir. 2003). If Porter is seeking to remove a pending state court case to this Court, Porter has not shown why this case is removable under 28 U.S.C. § 1441.  He has also not taken the steps to move this action under 28 U.S.C. § 1446. If Porter is asking the Court to enjoin the state court, the Anti-Injunction Act prevents the Court from doing so, unless certain limited exceptions apply. *See Sandpiper Village Condominium Ass'n, Inc. v. Louisiana-Pacific Corp.*, 428 F.3d 831, 842 (9th Cir. 2005). None are apparent here.

In short, the Complaint does not clearly say what Porter is asking the Court to do, who the Defendant or Defendants are, and why the Court would have jurisdiction to do whatever he is asking.  The Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, for failure to name a proper Defendant, for failure to invoke the Court's jurisdiction, and for failure to comply with Fed. R. Civ. P. 8 and 10. *See* § 1915(e)(2); *Chapman*, 631 F.3d at 954.

If Porter believes he can correct these problems, he must file an amended complaint no later than **August 10, 2020**.  If he needs more time to amend, he should file an *ex parte* motion explaining why he needs more time, and estimating how long he will need.

**If Porter does not file an amended complaint within the time permitted, this action may be dismissed without leave to amend.** His amended complaint should correct all the problems this Order has pointed out. If Porter fails to correct problems that have been pointed out to him, the Court may conclude that these problems cannot be corrected.

**IT IS SO ORDERED**.

Dated: July 8, 2020

Honorable Larry Alan Burns
Chief United States District Judge